Quick v. City of Charlotte

ALVIN QUICK, MARY COLEY, JOHN PIERCY, TOMMY MORALES, AND CLYDE HOPKINS v. CITY OF CHARLOTTE, NORTH CAROLINA, A MUNICIPAL CORPORATION

No. 7326SC698

(Filed 1 May 1974)

Constitutional Law § 20— Relocation Assistance Act — equal protection

The Relocation Assistance Act, G.S. 133-5 *et seq.*, did not unconstitutionally discriminate against plaintiffs by granting assistance to persons who moved on or after 1 January 1972 from property acquired for airport expansion while failing to provide assistance for plaintiffs who moved from such property prior to 1 January 1972.

APPEAL by plaintiffs from *Snepp, Judge,* 11 June 1973 Schedule "C" Civil Session of Superior Court held in MECKLENBURG County.

The facts in this case are not in dispute. During 1968, the City of Charlotte embarked upon a five-year plan for the renovation and expansion of its Douglas Municipal Airport. Construction of additional runway facilities necessitated the acquisition, on 23 March 1971, of adjacent property owned by E. O. and Lillian Hudson and T. A. and Virginia Freeman. At the time of purchase, plaintiffs were month-to-month tenants of five houses located thereon. Plaintiffs continued to live on the Hudson-Freeman property until runway construction required the demolition of their rented houses in late November 1971.

There were, however, other rental units located on the Hudson-Freeman property which were not razed until 1972. The tenants of these dwellings were not forced off the Hudson-Freeman property until after 1 January 1972, and, by qualifying as "displaced persons" under G.S. 133-7 (3), received assistance in the form of funds and services under the provisions of The Uniform Relocation Assistance and Real Property Acquisition Policies Act (Relocation Assistance Act), G.S. 133-5 et seq. Because the Relocation Assistance Act extends its benefits only to persons who, under the requisite circumstances, are forced to move themselves or their personalty from real property "on or after January 1, 1972," plaintiffs were denied such assistance.

On 25 September 1972, plaintiffs, alleging that the Relocation Assistance Act violated the equal protection clauses of the United States and North Carolina Constitutions, filed suit

against defendant City of Charlotte to enjoin permanently "further application and disbursement of funds" under the Act and to recover actual and punitive damages resulting from their being denied the statutory benefits. The parties, stipulating to the above facts and waiving jury trial, submitted the case for trial solely upon the constitutional issue. Because the constitutionality of the North Carolina statute was at issue, the Attorney General of North Carolina successfully moved the court to be made a party to the action. The trial court, incorporating the stipulation of facts into its judgment, held that the Relocation Assistance Act was constitutional both on its face and as applied and dismissed plaintiffs' action. Plaintiffs appealed.

*Donald M. Tepper for plaintiff appellants.*

*W. A. Watts for defendant appellee.*

*Attorney General Robert Morgan by Associate Attorney C. Diederich Heidgerd for the State, amicus curiae.*

PARKER, Judge.

As defined by statute, the purpose of the Relocation Assistance Act, G.S. 133-5 et seq. is "to establish a uniform policy for the fair and equitable treatment of persons displaced as a result of public works programs in order that such persons shall not suffer disproportionate injuries as a result of programs designed for the benefit of the public as a whole and to insure continuing eligibility for federal aid funds to the State and its agencies and subdivisions," G.S. 133-6. The Relocation Assistance Act attempts to carry out this purpose by providing, in specified circumstances, moving and related expenses, G.S. 133-8, replacement housing for homeowners and tenants, G.S. 133-9, 10, relocation assistance advisory services, G.S. 133-11, and expenses incidental to property transfer, G.S. 133-12, to qualifying displaced persons. Insofar as it relates to plaintiffs, G.S. 133-7(3) defines "displaced person" as "any person who, on or after January 1, 1972, moves from real property or moves his personal property from real property, as a result of the acquisition of such real property, in whole or in part, or as the result of the written order of the acquiring agency to vacate real property for a program or project undertaken by an agency. . . . " The parties agree that defendant City of Charlotte and its airport renovation project respectively satisfy the statutory definitions

of "agency" and "program or project"; see G.S. 133-7 (1) and (6).

Plaintiffs contend that the above quoted definition of "displaced person" unconstitutionally discriminates against them by denying to them but granting to others who moved from the Hudson-Freeman property "on or after January 1, 1972" assistance under the various provisions of the Relocation Assistance Act. We disagree. Quite simply, a statute which attempts to relieve a given form of public hardship must begin at some point. In this case, the Legislature decided to extend relief to those caused discomfiture on or after the effective date of the Act, 1 January 1972. See 1971 Session Laws, Chapter 1107, Section 3. The practical reasons justifying such a beginning point are at once numerous and obvious, and appellants have cited no authority to the contrary. While in terms of missed statutory benefits plaintiffs have indeed suffered a hardship by being forced from their homes only weeks before 1 January 1972, their hardship is not of constitutional dimension. The trial court was correct in upholding the constitutionality of the Relocation Assistance Act, and its judgment is accordingly

Affirmed.

Judges BRITT and HEDRICK concur.